Filed 11/4/20  In re B.B. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re B.B., Person Coming Under the Juvenile Court Law. | |
| HUMBOLDT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br>    Plaintiff and Respondent, <br>    v. <br> J.B. et al., <br>    Objectors and Appellants. | A160173 <br><br> (Humboldt County Super. Ct. No. JV190019) |

In this appeal from a judgment terminating their parental rights, S.B. ("mother") and J.B. ("father") contend that reversal is required because the Humboldt County Department of Health and Human Services ("Department") sent inadequate notice of the juvenile dependency proceedings to five tribes under the federal Indian Child Welfare Act of 1978 ("the Act" or "ICWA") and related state law.  (See 25 U.S.C. § 1912(a); Welf. & Inst. Code, § 224.3, subds. (a)-(b).[1])

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Because we conclude that the Department complied with its legal duties, we affirm the judgment.

## BACKGROUND

### 1.

By establishing minimum standards for, and permitting tribal participation in, dependency actions, the Act protects Native American children and promotes the stability and security of Native American tribes and families. (25 U.S.C. § 1901 et seq.; *In re Isaiah W.* (2016) 1 Cal.5th 1, 7-8 (*Isaiah W.*).) When there is reason to know a child in a dependency case is an "Indian child," the Act requires that the child's tribe be notified of the proceeding. (25 U.S.C. § 1912(a); see also Welf. & Inst. Code, § 224.3, subds. (a)-(b).) An "Indian child" is an unmarried person under age eighteen who is either a member of an Indian tribe or is eligible for membership and is the biological child of a member. (25 U.S.C. § 1903(4); Welf. & Inst. Code, § 224.1, subd. (a).) The notice requirement facilitates a determination of whether the child is an Indian child and allows the tribe an opportunity to intervene. (*Isaiah W., supra*, 1 Cal.5th at p. 8.) Our legislature has codified and supplemented the Act's requirements in state law. (§ 224 et seq.; *Isaiah W., supra*, 1 Cal.5th at p. 9.)

### 2.

Shortly after the birth of B.B. ("child"), the Department filed a juvenile dependency petition pursuant to section 300. The petition alleged the child was at risk of harm due to mother and father's mental health issues and developmental disabilities.

Father indicated that he had Blackfeet, Crow, Cherokee, and Choctaw ancestry, but was unsure of the names of the relevant family

2

members.  Mother said she had Blackfeet, Cherokee, and Lenape ancestry but was likewise unsure of the names of those ancestors.

The social worker contacted a maternal aunt who related that "there was some fraction of Blackfoot in the family line" and directed the social worker to an uncle who had researched the family's history. The uncle provided the name, birthdate, and birthplace of his father's great-grandmother M., whom he understood was a Blackfoot Indian and "did not speak a word of English."  The uncle also provided the names of M.'s father and grandfather.

The Department sent notices of the proceedings to 10 tribes.  Five of the tribes responded by letter indicating that the child was neither a member nor eligible for membership.

The remaining five tribes did not provide a written response: the Crow Tribe of Montana, the Jena Band-Choctaw, the Choctaw Nation of Oklahoma, the United Keetoowah Band of Cherokee, and the Blackfeet Tribe.  Although the Federal Register lists the name and mailing address of each tribe's designated agent for receipt of notices under the Act (see Indian Child Welfare Act; Designated Tribal Agents for Service of Notice, 84 Fed.Reg. 20387-02 (May 9, 2019)), the Department's notices to these tribes omitted the name of the designated agent and, in some cases, used an incorrect mailing address. The Department ultimately received return receipts from the Choctaw Nation of Oklahoma, the United Keetoowah Band of Cherokee, the Jena Band-Choctaw, and the Blackfeet Tribe, but none appear to have been signed by the designated agent.

The social worker followed up by telephone with each of the tribes that did not respond, leaving voicemails, speaking with a tribal

employee, and/or resending the notice by email. A "Blackfeet ICWA worker" told the social worker that the child "was not enrolled [as a member] or eligible for enrollment in the Blackfeet Tribe. He would need to be ¼ Blackfeet and the family's ancestry is too far in the past for that to be feasible."

The trial court ruled on May 13, 2019, and January 8, 2020, that the Act did not apply. At a section 366.26 hearing on May 4, 2020, the court held that notice had been given as required by law and incorporated its previous orders. The court also noted that "[t]he Court previously found . . . that the Indian Child Welfare Act does not apply. Pursuant to California Rules of Court, rule 5.481(a), no new information has been received regarding Indian ancestry." (See Cal. Rules of Court, rule 5.481(a) [juvenile court has "an affirmative and continuing duty to inquire whether a child is or may be an Indian child"].)

## DISCUSSION

### 1.

Mother and father assert that the Department's notice to five of the tribes was defective because it failed to include a correct mailing address or name the correct recipient. With respect to the Crow Tribe of Montana, the Jena Band-Choctaw, the Choctaw Nation of Oklahoma, and the United Keetoowah Band of Cherokee, the Department argues that it had no duty of notification in the first place because there was no reason to know that the child is an Indian child as to those tribes pursuant to section 224.2, subdivision (d). Mother and father do not contend otherwise. However, they argue that the Department should be estopped from arguing for the first time on appeal that the notice

4

requirement was inapplicable, when the Department proceeded as if it were applicable in the trial court and attempted to provide notice to the tribes. Alternatively, father contends that the Department forfeited this point by failing to raise it below. We disagree with both contentions.

As an initial matter, on our independent review we agree with the Department that the information provided by mother and father concerning their Indian ancestry did not trigger a notification duty because there was no reason to know the child was an Indian child under section 224.2, subdivision (d)[2] with respect to the Crow Tribe of Montana, the Jena Band-Choctaw, the Choctaw Nation of Oklahoma, and the United Keetoowah Band of Cherokee. (See *In re A.M.* (2020) 47

---

[2] Section 224.2, subdivision (d), provides:

There is reason to know a child . . . is an Indian child under any of the following circumstances: [¶]
(1) A person having an interest in the child, including the child, an officer of the court, a tribe, an Indian organization, a public or private agency, or a member of the child's extended family informs the court that the child is an Indian child. [¶]
(2) The residence or domicile of the child, the child's parents, or Indian custodian is on a reservation or in an Alaska Native village. [¶]
(3) Any participant in the proceeding, officer of the court, Indian tribe, Indian organization, or agency informs the court that it has discovered information indicating that the child is an Indian child. [¶]
(4) The child who is the subject of the proceeding gives the court reason to know that the child is an Indian child. [¶]
(5) The court is informed that the child is or has been a ward of a tribal court. [¶]
(6) The court is informed that either parent or the child possess an identification card indicating membership or citizenship in an Indian tribe.

5

Cal.App.5th 303, 314-315 (*A.M.*) ["When, as is the case here, the facts are undisputed, we review independently whether the requirements of ICWA have been satisfied."].) As to these tribes, neither the court nor the Department were informed that the child was an Indian child; the child had never lived on a reservation or been a ward of a tribal court, and there was no indication that the child or parents had a tribal identification card. (See Welf. and Inst. Code, § 224.2, subd. (d); 25 C.F.R. § 23.107(c).) Here, mother and father indicated they had ancestors affiliated with the tribes but were unable to provide any further specifics. Vague information indicating that a child may have Indian ancestors is insufficient to require notice. (See *A.M.*, *supra*, 47 Cal.App.5th at pp. 322-323 [where "the only specific information Mother provided was a statement that she was told and believed that she may have Indian ancestry with the Blackfeet and Cherokee tribes," notice requirement was inapplicable]; *In re Austin J.* (2020) 47 Cal.App.5th 870, 887 [mother's statement indicating she was told she had Cherokee ancestry did not provide "reason to know" the child was an Indian child].)

Further, neither estoppel nor forfeiture applies here. Although the Department sought to contact the tribes by sending notices, its actions were equally consistent with its duty of inquiry under section 224.2, subdivision (e)(2)(B), which requires that "[w]hen there is reason to believe the child is an Indian child," the agency must "contact[] the tribes and any other person that may reasonably be expected to have information regarding the child's membership status or eligibility." (See, e.g., *Field v. Bowen* (2011) 199 Cal.App.4th 346, 355 fn. 3 [estoppel inapplicable where the party's positions are not " ' " clearly

6

inconsistent so that one necessarily excludes the other" ' "].)  In addition, the Department consistently asserted that the Act was inapplicable and obtained rulings to that effect.

Accordingly, the fact that the Department's attempts to contact these tribes may have been insufficient to satisfy the notice requirement is of no moment because that requirement was not triggered.

**2.**

With respect to the Blackfeet Tribe, it is undisputed that the Department sent the notice to the correct mailing address, "P.O. Box 588, Browning, MT 59417."  However, mother and father contend the notice was inadequate because rather than listing the name of the tribe's designated agent for receiving such notice, the Department addressed the notice to "ICWA Coordinator."  (See § 224.3, subd. (a)(2) ["Notice to the tribe shall be to the tribal chairperson, unless the tribe has designated another agent for service."].)  We conclude that under the circumstances here, the notice was sufficient.

The Blackfeet Tribe designated "Kathy Calf Boss Ribs, ICWA Coordinator; [and] Darlene H. Peterson, ICWA Inquiry Technician" as the agents for receiving notice under the Act.  (See Indian Child Welfare Act; Designated Tribal Agents for Service of Notice, 84 Fed.Reg. 20387-02, 20420 (May 9, 2019).)  Although the Department did not specifically name Kathy Calf Boss Ribs, it did notice their title of "ICWA Coordinator."  Given that the Department's notice used the same title used by the tribe for its designated agent, the notice was sufficient to ensure that it would be directed to the authorized individual.  (See, e.g., *In re N.M.* (2008) 161 Cal.App.4th 253, 268

7

[notices were "reasonably calculated to provide prompt and actual notice" even though they were addressed to " 'ICWA Representative' " instead of naming designated representatives].)

Mother and father rely on cases concluding that incorrectly addressed notices constitute prejudicial error. However, none are analogous. (See, e.g., *In re J.T.* (2007) 154 Cal.App.4th 986, 994 [notices failed to specify any addressee]; *In re Asia L.* (2003) 107 Cal.App.4th 498, 509 [notices addressed to " 'Business Committee' "]; *In re H.A.* (2002) 103 Cal.App.4th 1206, 1213 [notice addressed to "Tribal Health Clinic"].)

## DISPOSITION

The judgment is affirmed.

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

REARDON, J.*

A160173

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.